IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUZETTE JANINE DE LA ROCHA and
GABRIELA A. PEREZ,

      Plaintiffs,                                    No. CIV S-11-2789 KJM-JFM

    vs.

WELLS FARGO BANK, N.A.; et al.,

      Defendants.                                 ORDER

/

          On October 21, 2011, plaintiffs, proceeding pro se, filed a complaint with this court stating various state and federal claims. (ECF 1.) On the same day, plaintiff filed a motion for a temporary restraining order and preliminary injunction enjoining defendants from foreclosing on their residence. (ECF 2.) The court subsequently ordered that plaintiffs give defendants notice in compliance with Local Rule 231. (ECF 6.) On October 27, 2011, defendants submitted an opposition to the motion for a temporary restraining order. (ECF 7.) For the reasons set forth herein, plaintiffs' motion is DENIED.

I.    LEGAL STANDARD

          A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A).  The purpose of such an order is to preserve the

1

status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 9 (2008). "In order to obtain preliminary injunctive relief, a plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011) (internal citation & quotation omitted); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical").  Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

II.     ANALYSIS

Plaintiff seeks an order "restraining all Defendants, their agents, employees, representatives, attorneys, and all persons acting in concert or participating with them and their agents from foreclosing and/or selling Plaintiffs' residential property. . ." (ECF 2 at 2:8-12.)

With respect to irreparable injury, the loss of one's home is sufficient to satisfy this element. *See Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150 (9th Cir. 2011) (holding eviction of Section 8 housing tenants constitutes irreparable injury); *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988) (holding threatened foreclosure presented an "immediate, irreparable injury"). However, the court cannot conclude that plaintiffs present a serious legal question or that the balance of equities clearly favors plaintiffs.

The primary theory for relief set forth in plaintiffs' motion is thoroughly rebutted in defendants' opposition brief: namely, California law does not require possession of the note to initiate a foreclosure, defendants' interest in the note is easily traceable through judicially noticeable documentation of defendants' corporate organization, and, even if possession were required, defendants provide proof of possession. (ECF 7 at 3-6.) Defendants properly present the current state of the law on these issues. *See, e.g., Flowers v. Wells Fargo Bank*, 2011 WL 2748650, at *4 (N.D. Cal. July 13, 2011) ("California law does not require provision of the original note prior to a nonjudicial foreclosure sale."); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010) ("judicially noticeable documents reveal that the original lender, World Savings Bank, FSB, simply changed its name to Wachovia Mortgage, FSB, and is now a division of Wells Fargo Bank, N.A., so transfers among those entities were proper."). The ancillary theories suggested by plaintiffs are similarly flawed and do not justify issuance of a temporary restraining order.  *See, e.g.*, *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118 (2011) (section 2932.5 does not apply to a deed of trust); *Quinteros v. Aurora Loan Servicing*, 740 F. Supp. 2d 1163, 1174 (E.D. Cal. 2010) ("there is no private cause of action under [California Civil Code] Section 2923.6." ). On the record before the court, plaintiffs have failed to prove likely success on the merits, or even that their complaint presents serious questions sufficient to warrant the "extraordinary remedy" of injunctive relief.

Second, the balance of equities does not clearly favor plaintiffs. Plaintiffs filed the pending motion one week in advance of the scheduled foreclosure sale (ECF 2-1), despite having been on notice of their default for more than ten months. (ECF 8 at 36-38.) More importantly, solely focusing on the harm to plaintiffs improperly ignores the harm to defendants whose limited access to a depreciating asset while plaintiffs retain possession rent-free is surely significant. *See Alcatraz v. Wachovia Mortgage FSB*, 592 F. Supp. 2d 1296, 1305-06 (E.D. Cal. 2009). "It is hornbook law that one seeking equity must do equity . . ." *In re Beaty*, 306 F.3d 914, 925 (9th Cir. 2002) (internal citation omitted).  Here, there is evidence that plaintiffs

1  violated the terms of the note by attempting to convey an interest in the subject property.
2  Moreover, they have failed to provide a credible tender of the amount owed. *See Williamson v.*
3  *Sacramento Mortg., Inc.*, 2011 WL 4591098, at *4 (E.D. Cal. Sept. 11, 2011) ("To set aside a
4  sale, the party challenging it must tender the amount of the debt or perhaps simply the amount of
5  the default, because the irregularities in the foreclosure procedures cannot be deemed to damage
6  plaintiff when plaintiff could not redeem the property had sale procedures been proper.")
7  (quotation & citation omitted). Halting the foreclosure is not warranted. Accordingly, plaintiffs'
8  motion for a temporary restraining order is DENIED.
9            IT IS SO ORDERED.
10 DATED: October 28, 2011.

_____
UNITED STATES DISTRICT JUDGE

4