1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SUZETTE JANINE DE LA ROCHA and
     GABRIELA A. PEREZ,

11
             Plaintiffs,                        No. CIV S-11-2789 KJM-JFM

12
         vs.

13
     WELLS FARGO BANK, N.A.; et al.,

14
             Defendants.                        ORDER

15   _____/

16          On October 21, 2011, plaintiffs, proceeding pro se, filed a complaint with this

17   court stating various state and federal claims. (ECF 1.) On the same day, plaintiff filed a motion

18   for a temporary restraining order and preliminary injunction enjoining defendants from

19   foreclosing on their residence. (ECF 2.) The court subsequently ordered that plaintiffs give

20   defendants notice in compliance with Local Rule 231. (ECF 6.) On October 27, 2011, defendants

21   submitted an opposition to the motion for a temporary restraining order. (ECF 7.) For the reasons

22   set forth herein, plaintiffs' motion is DENIED.

23   I.      LEGAL STANDARD

24          A temporary restraining order may be issued upon a showing "that immediate and

25   irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

26   in opposition." FED. R. CIV. P. 65(b)(1)(A).  The purpose of such an order is to preserve the

                                                   1

1  status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no

2  longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

3  "A preliminary injunction is an extraordinary remedy never awarded as of right."

4  *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 9 (2008). "In order to obtain

5  preliminary injunctive relief, a plaintiff must establish that he is likely to succeed on the merits,

6  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

7  equities tips in his favor, and that an injunction is in the public interest." *Flexible Lifeline*

8  *Systems, Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011) (internal citation &

9  quotation omitted); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7

10  (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction

11  "substantially identical"). Alternatively, "'serious questions going to the merits' and a balance

12  of hardships that tips sharply towards the plaintiff can support issuance of a preliminary

13  injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and

14  that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*,  632 F.3d

15  1127, 1135 (9th Cir. 2011).

16  II.     ANALYSIS

17  Plaintiff seeks an order "restraining all Defendants, their agents, employees,

18  representatives, attorneys, and all persons acting in concert or participating with them and their

19  agents from foreclosing and/or selling Plaintiffs' residential property. . ." (ECF 2 at 2:8-12.)

20  With respect to irreparable injury, the loss of one's home is sufficient to satisfy

21  this element*. See Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*,  636 F.3d

22  1150 (9th Cir. 2011) (holding eviction of Section 8 housing tenants constitutes irreparable

23  injury); *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir.

24  1988) (holding threatened foreclosure presented an "immediate, irreparable injury"). However,

25  the court cannot conclude that plaintiffs present a serious legal question or that the balance of

26  equities clearly favors plaintiffs.

1    The primary theory for relief set forth in plaintiffs' motion is thoroughly rebutted

2  in defendants' opposition brief: namely, California law does not require possession of the note to

3  initiate a foreclosure, defendants' interest in the note is easily traceable through judicially

4  noticeable documentation of defendants' corporate organization, and, even if possession were

5  required, defendants provide proof of possession. (ECF 7 at 3-6.) Defendants properly present

6  the current state of the law on these issues. *See, e.g., Flowers v. Wells Fargo Bank*, 2011 WL

7  2748650, at *4 (N.D. Cal. July 13, 2011) ("California law does not require provision of the

8  original note prior to a nonjudicial foreclosure sale."); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F.

9  Supp. 2d 1022, 1035 (N.D. Cal. 2010) ("judicially noticeable documents reveal that the original

10 lender, World Savings Bank, FSB, simply changed its name to Wachovia Mortgage, FSB, and is

11 now a division of Wells Fargo Bank, N.A., so transfers among those entities were proper."). The

12 ancillary theories suggested by plaintiffs are similarly flawed and do not justify issuance of a

13 temporary restraining order.  *See, e.g.*, *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118

14 (2011) (section 2932.5 does not apply to a deed of trust); *Quinteros v. Aurora Loan Servicing*,

15 740 F. Supp. 2d 1163, 1174 (E.D. Cal. 2010) ("there is no private cause of action under

16 [California Civil Code] Section 2923.6." ). On the record before the court, plaintiffs have failed

17 to prove likely success on the merits, or even that their complaint presents serious questions

18 sufficient to warrant the "extraordinary remedy" of injunctive relief.

19    Second, the balance of equities does not clearly favor plaintiffs. Plaintiffs filed the

20 pending motion one week in advance of the scheduled foreclosure sale (ECF 2-1), despite having

21 been on notice of their default for more than ten months. (ECF 8 at 36-38.) More importantly,

22 solely focusing on the harm to plaintiffs improperly ignores the harm to defendants whose

23 limited access to a depreciating asset while plaintiffs retain possession rent-free is surely

24 significant. *See Alcatraz v. Wachovia Mortgage FSB*, 592 F. Supp. 2d 1296, 1305-06 (E.D. Cal.

25 2009). "It is hornbook law that one seeking equity must do equity . . ." *In re Beaty*, 306 F.3d

26 914, 925 (9th Cir. 2002) (internal citation omitted).  Here, there is evidence that plaintiffs

3

1   violated the terms of the note by attempting to convey an interest in the subject property.

2   Moreover, they have failed to provide a credible tender of the amount owed. *See Williamson v.*

3   *Sacramento Mortg., Inc.*, 2011 WL 4591098, at *4 (E.D. Cal. Sept. 11, 2011) ("To set aside a

4   sale, the party challenging it must tender the amount of the debt or perhaps simply the amount of

5   the default, because the irregularities in the foreclosure procedures cannot be deemed to damage

6   plaintiff when plaintiff could not redeem the property had sale procedures been proper.")

7   (quotation & citation omitted). Halting the foreclosure is not warranted.  Accordingly, plaintiffs'

8   motion for a temporary restraining order is DENIED.

9            IT IS SO ORDERED.

10   DATED:  October 28, 2011.

11                                                    _____
                                                      UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4