IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUZETTE JANINE DE LA ROCHA, *et al.*,

    Plaintiffs,                               No. CIV 2:11-cv-2789-KJM-JFM (PS)

    vs.

WELLS FARGO BANK, N.A., *et al.*,

    Defendants.                             <u>FINDINGS & RECOMMENDATIONS</u>

                                     /

          On January 12, 2012, the court held a hearing on defendant Wells Fargo Bank's November 14, 2011 motion for more definite statement. Suzette Janine de La Rocha and Gabriela Perez appeared in pro per. Dennis La appeared for defendant Wells Fargo Bank. Nicolas Daluiso appeared telephonically for defendant Regional Trustee Services Corporation. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiffs and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

                              FACTUAL AND PROCEDURAL BACKGROUND

          Plaintiffs initiated this action on October 21, 2011 by filing a 262-page document, 62-pages of which are a complaint setting forth thirteen causes of action: (1) predatory lending in violation of California Financial Code §§ 4970-4979.8; (2) action to enjoin trustee sale; (3) fraud

1

in the inducement; (4) quiet title; (5) breach of contract; (6) slander of title; (7) wrongful foreclosure; (8) temporary restraining order, preliminary and permanent injunction[1]; (9) violation of the Fair Debt Collection Practices Act ("FRDCPA"), 15 U.S.C. §§ 1692 *et seq.*; (10) violations of the California commercial codes; (11) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*; (12) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968; and (13) "Affidavit of Specific Negative Averments."

Essentially, plaintiffs seek rescission of a $350,000.00 mortgage loan obtained on January 30, 2006 from defendants and secured by real property located in Elk Grove, California. On December 29, 2010, a Notice of Default was recorded with the Sacramento County Recorder's Office. On January 8, 2011, a Substitution of Trustee was recorded. On July 29, 2011, a Notice of Trustee's Sale was recorded. Plaintiffs seek a determination that the mortgage and the entire non-judicial foreclosure process are void and invalid for the various violations listed above.

On November 14, 2011, defendant Wells Fargo Bank, N.A., filed a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Doc. No. 15. On November 17, 2011, defendant Regional Trustee Services Corporation filed a joinder. Doc. No. 17. On December 29, 2011, plaintiffs filed an opposition. On January 5, 2012, defendant Wells Fargo Bank filed a reply.

## STANDARDS

Federal Rule of Civil Procedure 12(e) "is designed to strike at unintelligibility, rather than want of detail." Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist. Facilities Corp., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980). The rule permits a party to move for a more definite statement when a

---

[1] On October 28, 2011, the Honorable Kimberly J. Mueller denied plaintiff's motion for a temporary restraining order. Doc. No. 10.

pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). It is not the function of such a motion to enable the defendants to ascertain details of the plaintiff's case or to require the plaintiff to provide evidentiary material that may properly be obtained by discovery. See Comm. for Immigrant Rights of Sonoma County v. County of Sonoma, 644 F. Supp. 2d 1177, 1190-91 (N.D. Cal. July 31, 2009); Woods, 600 F. Supp. at 580; Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981); Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

Motions for more definite statement must be considered in light of the liberal pleading standards of the Federal Rules of Civil Procedure and "should be granted only where the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and 'literally cannot frame a responsive pleading.'" Hubbs v. County of San Bernardino, CA, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008) (quoting Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996)). See also Comm. for Immigrant Rights of Sonoma County, 2009 WL 2382689, at *7 (holding that a motion for more definite statement is proper only where the complaint is so vague or ambiguous that the opposing party cannot respond even with a simple denial). A motion for more definite statement should be denied if a pleading meets federal standards by providing a short and plain statement of the claim showing that the pleader may be entitled to relief. See Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

In what amounts to a single-page memorandum of points and authorities in support of its motion for more definite statement, defendant Wells Fargo argues that the complaint is "over 60 pages of garbled, non-specific allegations and hundreds of pages of exhibits, many of which are not remotely relevant to plaintiffs' lawsuit." By way of example, defendant cites to paragraph 68 of the complaint, which states, in part, "Since the Defendants are not a real and beneficial party of interest, the Defendants cannot be a party to this controversy." Although facially ambiguous, it is evident that the statement, when read in context, asserts that

1 defendants have no rights to the promissory note at issue in the complaint and thus are prevented
2 from enforcing it.  The court finds that defendant has not met its burden of demonstrating that
3 the complaint is so "vague or ambiguous" that it cannot frame a response.  To the contrary, the
4 court finds that the allegations and claims alleged in the albeit lengthy complaint are clearly
5 articulated.  Therefore, the motion for a more definite statement should be denied.

6 　　　　　Accordingly, IT IS HEREBY RECOMMENDED that defendant's November 14,
7 2011 motion for more definite statement be denied.

8 　　　　　These findings and recommendations are submitted to the United States District
9 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
10 days after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 95 1 F.2d 1153 (9th Cir. 1991).
15 DATED: January 13, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

/014;dela2789.def_stat

4