IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUZETTE JANINE DE LA ROCHA, *et al.*,

            Plaintiffs,                      No. CIV 2:11-cv-2789-KJM-JFM (PS)

      vs.

WELLS FARGO BANK, N.A., *et al.*,      <u>ORDER AND</u>

            Defendants.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiffs are proceeding in this action pro se.  On February 2, 2012, plaintiffs filed a motion for default judgment.  Plaintiffs contend defendants Wells Fargo Bank, N.A., Wachovia and Regional Trustee Services Corporation failed to file a timely response to the October 21, 2011 complaint.

        Federal Rules of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court.  In pertinent part, Rule 55 provides:

      (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

      (b) Entering a Default Judgment.

          (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request,

with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment ....

The Ninth Circuit Court of Appeals has stated that Rule 55 requires a "two-step process," consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir .1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment' ").

In light of the requirement to obtain entry of default before seeking default judgment, courts deny motions for default judgment where default has not been previously entered. See, e.g., Marty v. Green, No. 2:10-cv-1823-KJM-KJN, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) ("Plaintiff's motion for default judgment is denied because plaintiff did not follow the procedural steps required to properly file a motion for default judgment. Specifically, plaintiff failed to seek a clerk's entry of default from the Clerk of Court prior to filing his motion for default judgment."); Norman v. Small, No. 09-cv-2233-WQH-NLS, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying plaintiff's motion for default judgment because "the clerk has not entered default"); Bach v. Mason, 1901 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied.").

In this case, default has not been entered against any of the three defendants. In fact, the Clerk of Court specifically denied plaintiff's request for default as to Wells Fargo Bank, N.A., and Wachovia because they have appeared in this action. See Doc. No. 38. The court also notes that default may not be entered as to defendant Regional Trustee Services Corporation because it appeared when it filed a joinder on November 17, 2011 to defendant Wells Fargo

2

1   Bank's November 14, 2011 motion for more definite statement.  See, e.g., Lomba Farms, Inc. v.

2   Anchor Warehouse Serv. LLC, 2012 WL 243340, at *2-3 (N.D. Cal. 2012) (finding that

3   defendant's joinder in a motion to dismiss constitutes an appearance for purposes of Rule 55).

4          Based on the foregoing, the court finds that the requirements of Rule 55 have not

5   been complied with.  Without first obtaining an entry of default against the defendants,

6   plaintiff's motion for default judgment is improperly before this court. See Bach, 190 F.R.D. at

7   574.

8          Accordingly, IT IS HEREBY ORDERED that the March 8, 2012 hearing on

9   plaintiff's motion for default judgment is vacated; and

10          IT IS HEREBY RECOMMENDED that plaintiff's February 2, 2012 motion for

11   default judgment be denied.

12          These findings and recommendations are submitted to the United States District

13   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

14   days after being served with these findings and recommendations, any party may file written

15   objections with the court and serve a copy on all parties.  Such a document should be captioned

16   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

17   that failure to file objections within the specified time may waive the right to appeal the District

18   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19   DATED: February 16, 2012.

21   UNITED STATES MAGISTRATE JUDGE

23   /014;dela2789.mdj

3