IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUZETTE JANINE DE LA ROCHA, *et al.*,

      Plaintiffs,                    No. CIV 2:11-cv-2789-KJM-JFM (PS)

    vs.

WELLS FARGO BANK, N.A., *et al.*,

      Defendants.               ORDER

_____/

        Pending before the court are plaintiffs' March 19, 2012 motion to continue the April 5, 2012 hearing on defendant's motion to dismiss and motion to strike, Doc. No. 55, and their "Emergency ex parte notice and motion for in camera hearing on declaratory judgment and evidentiary record to be presented in chambers under notary seal," Doc. No. 54. Plaintiffs have set both of these motions for hearing on April 5, 2012.

        The court has reviewed both of plaintiffs' motions. Plaintiffs' request to continue the hearing on defendant's motion to dismiss and motion to strike will be granted. Plaintiffs' "emergency ex parte notice and motion" will be denied for the reasons set forth here. Initially, the court notes that plaintiffs have set both matters on for hearing on April 5, 2012, less than three weeks after filing their motion. This in violation of Local Rule 230(b), which provides that motions shall not be heard less than twenty-eight days after service and filing of a motion.

Furthermore, as with plaintiffs' February 6, 2012 "Ex parte emergency petition for declaratory judgment, first amendment redress" (see Doc. No. 37), the precise nature of plaintiffs' "emergency ex parte notice and motion" is unclear.  Plaintiffs begin by presenting a panoply of legal citations, including 28 U.S.C. § 1333(1), which gives district courts original jurisdiction over admiralty and maritime actions; 28 U.S.C. § 2201 for declaratory relief; the Uniform Commercial Code; Federal Rules of Civil Procedure "44(2)(b)" and 57; and (presumably) Federal Rules of Evidence "201 (b) (d) (e) and (f)" and 902.  Thereafter, and following multiple incorrect references to themselves as "intervenors" (plaintiffs are not intervenors; they are parties to this suit), plaintiffs request declaratory judgment on the ground that defendants have failed to respond to plaintiffs' multiple correspondences.  Plaintiffs argue that this failure to respond constitutes "acquiescence" to judgment in favor of plaintiffs.  As noted in the March 20, 2012 order denying plaintiffs' February 6, 2012 motion, there is no legal basis for this request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' March 19, 2012 request for a continuance is granted.  Doc. No. 55.  The April 5, 2012 hearing on defendant Wells Fargo Bank's motion to dismiss and motion to strike is continued to May 10, 2012 at 11:00 a.m.;

2. Plaintiffs' March 19, 2012 ex parte motion is denied.  Doc. No. 54; and

3. The April 5, 2012 hearings on plaintiffs' March 19, 2012 motions are vacated.

DATED: March 30, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;dela2789.jo2