IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUZETTE JANINE DE LA ROCHA, *et al.*,

      Plaintiffs,                    No. CIV 2:11-cv-2789-KJM-JFM (PS)

    vs.

WELLS FARGO BANK, N.A., *et al.*,

      Defendants.           <u>ORDER</u>

                              /

          Pending before the court is third party defendant Twin Lakes Securities, Inc.'s ("Twin Lakes") ex parte application for expungement of lis pendens. No opposition to this motion has been filed. On review of the motion, THE COURT FINDS AS FOLLOWS

          RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

          Plaintiffs initiated this action on October 21, 2011 asserting various state and federal causes of action for conduct arising out of a mortgage loan and subsequent foreclosure proceedings. Twin Lakes, a third-party purchaser, became the owner of the property at issue following a foreclosure sale on November 30, 2011. On the same day that the property was sold to Twin Lakes, plaintiffs filed a notice of lis pendens with the Sacramento County Recorder's Office. Doc. No. 20.

/////

1

On February 8, 2012, defendants in this action filed a motion to dismiss and a motion to strike. Prior to the disposition of those motions, however, plaintiffs filed a notice of voluntary dismissal. Accordingly, this action was closed on April 5, 2012 pursuant to Federal Rule of Civil Procedure 41(a).

On March 26, 2012, Twin Lakes became aware of the lis pendens when it attempted to obtain the results of a title search in connection with the opening of an escrow to sell the real property at issue. Thereafter, Twin Lakes filed the instant motion for relief, in which it contends that it is unable to finalize a sale of the property because the lis pendens clouds the title.

## DISCUSSION

Federal courts look to state law in matters pertaining to lis pendens. See 28 U.S.C. § 1964. Under California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action, [a lis pendens], in which that real property claim is alleged." The effect of a *lis pendens* "is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment." BGJ Assocs., LLC v. Superior Court, 75 Cal. App. 4th 952, 966 (Cal Ct. App. 1999). "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." Id. at 967.

A court "shall order the notice [of pendency] expunged if ... the pleading on which the notice is based does not contain a real property claim." Cal. Civ. Code § 405.31. A "real property claim" is defined, *inter alia,* as a cause of action "which would, if meritorious, affect ... title to, or the right to possession of, specific real property...." Cal. Civ. Code 405.4. A plaintiff bears the burden of establishing, by a preponderance of the evidence, the probable validity of the claims.

/////

/////

1      As a result of plaintiffs' voluntary dismissal of this action, plaintiffs are left
2 without a real property claim and cannot establish the probable validity of such a claim here.
3 Accordingly, Twin Lakes' ex parte motion to expunge the lis pendens will be granted.
4      Based on the foregoing, IT IS HEREBY ORDERED that:
5      1.  Twin Lakes' motion for expungement is granted; and
6      2.  Plaintiffs' lis pendens is hereby expunged from the public record.
7 Specifically, the lis pendens as to the property located at 9839 Spring View Way, Elk Grove, CA
8 95757 and recorded in the Sacramento County Recorder's Office is hereby expunged from the
9 public record.
10 DATED: May 23, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;dela2789.3p.jo